## SCOTT v. BREWSTER–GREENE et ux.

Circuit Court of Appeals, Ninth Circuit.
May 28, 1928.

Rehearing Denied July 2, 1928.

No. 5402.

1. **Mortgages ⟨key⟩408—Waiver of provisions of contract of sale for payment of taxes by subsequently accepting mortgage did not affect right to foreclose.**

Executory contract of sale formed no part of mortgage subsequently executed in accordance with provisions therefor, and waiver of provisions of contract for payment of taxes by acceptance of mortgage did not affect right to foreclose for default payment thereof.

2. **Vendor and purchaser ⟨key⟩187—Subsequent acceptance of mortgage, without requiring payment of taxes pursuant to contract, did not waive provisions of contract for such payment.**

Subsequent acceptance of mortgage, without requiring payment of taxes in accordance with executory contract of sale, *held* not to constitute a waiver of requirement for payment of such taxes; the obligation imposed by executory contract remaining just as would obligation to pay any portion of purchase price not included in note and mortgage.

3. **Mortgages ⟨key⟩399—Mortgagee, accepting mortgage after taxes became delinquent, had no right to foreclose for failure of mortgagors to pay taxes pursuant to provisions of contract.**

Where mortgagee accepted mortgage after date taxes payable by mortgagors were due, with no provision authorizing foreclosure because of any existing liens or taxes already delinquent, there was no right of foreclosure because of default of mortgagors in failing to pay taxes pursuant to requirement of executory contract of sale.

Appeal from the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Suit by Marguerite A. Purcell Scott against Myron E. Brewster-Greene and wife. Decree of dismissal, and plaintiff appeals. Affirmed.

Thos. A. Flynn and Thos. W. Nealon, both of Phœnix, Ariz., and Thorwald Larson, of Holbrook, Ariz., for appellant.

W. E. Ferguson, of Holbrook, Ariz., and Perry Evans, of San Francisco, Cal., for appellees.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree in equity dismissing a bill for the foreclosure of a mortgage. The mortgage was given to secure the payment of a promissory note in the sum of $16,000,

payable two years after date. The note and mortgage were both dated March 24, 1927, but neither instrument was delivered until August 1, 1927. The mortgage contained the usual acceleration clause, providing that, if the interest on the promissory note or the principal thereof was not punctually paid when due, or in case of the failure of the mortgagors to pay before delinquent any taxes or assessments levied against the property, then and in such event the principal sum of the note and the interest thereon should be deemed and taken to be wholly due and payable, and proceedings might forthwith be had for the recovery of the same, either by suit on the note or on the note and mortgage. The second installment of taxes for the year 1926, amounting to $366.67, delinquent May 1, 1927, was not paid by the mortgagors, and because of this default the mortgagee elected to foreclose and declare the whole sum due.

It further appears from the bill of complaint that the mortgagee, as vendor, and the mortgagors, as purchasers, entered into an executory contract for the sale of the property covered by the mortgage on March 24, 1927. Under the terms of this contract the vendor agreed to sell and the purchasers agreed to buy the property for the sum of $26,000, payable as follows: $500 on or before April 1, 1927; $2,000 additional on or before April 20, 1927; and $7,500 additional on or before August 1, 1927. The remaining $16,000, with interest at 8 per cent. per annum, payable quarterly, was made payable two years from the date of contract, and the purchasers agreed to pay the second installment of taxes for the year 1926, due in May, 1927, and all taxes and assessments thereafter to be levied or assessed in any manner against the property, but the time of payment was not specified. A deed for the property, the promissory note for $16,000, and the purchase-money mortgage back were deposited with the First National Bank of Holbrook in escrow, to be delivered to the respective parties upon the payment of the installment falling due on or before August 1, 1927. The last installment was paid on the latter date, the deed was delivered to the purchasers, and the mortgage was delivered to the mortgagee through the mail. The second installment of taxes for the year 1926 was not paid prior to the delivery of the deed and mortgage, nor does it appear that the payment of such taxes was one of the conditions upon which the deed and mortgage were to be delivered by the escrow holder. These facts account in a measure

for the taxes delinquent at the time of the delivery of the mortgage and at the time the foreclosure suit was instituted.

There are other allegations in the bill of complaint in reference to a garnishment served on the bank at the suit of the mortgagors, immediately upon the payment of the installment due August 1, 1927, but these facts are apparently set forth as an excuse for bringing suit to foreclose the mortgage because of the small amount of delinquent taxes. At least they would seem to have no other pertinency.

[1-3] Considerable portions of the briefs on file are devoted to a discussion of the question of waiver, but we see little room for the application of that doctrine in this case. If it be contended that the mortgagee waived the provisions of the executory contract of sale by accepting the mortgage, it is sufficient answer to say that the executory contract of sale forms no part of the mortgage. The latter instrument is complete in itself and speaks for itself. If it be contended that the mortgagee waived the requirement that the mortgagors should pay the second installment of the 1926 taxes, we need only say that there was no such waiver, because the obligation to pay the taxes imposed by the executory contract still remains just as would the obligation to pay any portion of the purchase price not included in the note and mortgage. And of course it will not be contended that the mortgagee waived any of the provisions of the mortgage itself by merely accepting it. But, notwithstanding the inapplicability of the doctrine of waiver, we are of opinion that the decree should be affirmed. While dated March 24, 1927, the mortgage was not delivered and did not become effective until August 1, 1927. The instrument speaks as of the latter date.

The covenant or agreement on the part of the mortgagors was to pay all taxes before delinquent. The purpose of this provision was to guard against liens that would become superior to the mortgage lien and thus impair the mortgage security. Nothing is said in the mortgage about existing tax liens or taxes already delinquent, and the mortgage contains no provision authorizing foreclosure because of any such liens. As the case now stands, the property is exactly in the same condition and subject to the same burdens as when the mortgage was delivered, and there is no requirement in the mortgage that the mortgagors shall remove or satisfy existing tax liens under penalty of foreclosure. If the mortgagee desired to protect herself against the lien of delinquent taxes existing at the date of the delivery of the mortgage, she should have insisted upon the payment of the taxes before the delivery of the deed and mortgage, or she should have caused to be inserted in the mortgage an express provision authorizing foreclosure for failure to satisfy existing tax liens. She did neither of these things, and her only remaining remedy is to pay the taxes and add the amount to the amount of the mortgage debt, as she is authorized to do under another provision of the mortgage.

The decree is affirmed.